861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Lee DRUMBARGER, Plaintiff-Appellant,
v.
Russell SCOTT, Morgan County Circuit Court, Defendants-Appellees.
 No. 88-5505.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 1
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. POTTER,* District Judge.
 
 ORDER
 
 2
 This pro se plaintiff appeals an order of the district court dismissing his civil rights suit as frivolous. He now moves for leave to amend his complaint. Upon review of the record and the brief submitted by plaintiff, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff William Drumbarger, a Tennessee prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Tennessee. In support of his claim for injunctive relief only, he alleged that sometime in 1987, he had filed an application for a change of his legal name in the Morgan County, Tennessee Circuit Court. Plaintiff further related that defendant Scott, the clerk of that court, acknowledged the filing of his application for a name change by signing and causing the return of a postal receipt. Finally, plaintiff also alleged that since the initial filing of his application, no action had been taken to either grant or deny his request for a change of name and that defendant Scott had repeatedly failed to respond to his inquiries into that matter. Upon review of those allegations, the district court concluded that plaintiff's claim was frivolous in that it was based upon the erroneous belief that he enjoyed a constitutionally protected right to a name change. Accordingly, the district court entered an order dismissing the complaint pursuant to 28 U.S.C. Sec. 1915(d) and plaintiff thereafter filed this appeal.
 
 
 4
 Plaintiff's complaint appears to be based upon a claim for denial of access to the courts or procedural due process in that he has alleged that defendant Scott has prevented his institution of a legal action to change his name, a proceeding which is authorized by Tenn.Code Ann. Sec. 29-8-101 et seq. In particular, plaintiff's cause of action is based essentially upon his belief that defendant Scott has failed in his duties as clerk of the Circuit Court for Morgan County, Tennessee by preventing his maintenance of a legal proceeding for a change of name. As a result, adjudication of plaintiff's claim by a federal court would entail the exercise of supervision over both the administration of a state court and a state official's performance of the responsibilities of his office. Since there is no allegation or indication that plaintiff has sought to use the extensive processes provided by the state court systems for the correction of the claimed failure of the official to perform his duty--e.g., mandamus (see Tenn.Code Ann. Sec. 29-25-101 et seq.) or appeal from claimed refusal to entertain the claim--we affirm the judgment of the District Court in dismissing the complaint for failure to state a claim. The complaint presents a question which would more appropriately be resolved by means of a petition for a writ of mandamus in state court pursuant to Tenn.Code Ann. Sec. 29-25-101 et seq.
 
 
 5
 Accordingly, the motion for leave to amend the complaint is hereby denied and the district court's final order entered April 21, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation